On Rehearing.
Spencer, J.
We held in our former opinion that the property in controversy in this case was donated by the State, subject to certain conditions, the non-performance of which entitled the State to retake it and the buildings put thereon. Not only is this right specially reserved and stipulated in the act of donation itself, but it flows irresistibly from the general principles of the law as laid down in the Civil Code. Article 1559 provides that “ donations inter vivos are liable to be revoked or dissolved on account of the following causes^: * * * The nonperformance of the conditions imposed on the donee.”
Article 1568. “ In case of revocation or rescission on account of the non-execution of the conditions, the property shall return to the donor free from all encumbrances or mortgages created by the donee,- and the donor shall have, against any other person possessing the immovable property given, all the rights that he would have against the donee himself.”
Article 1569. “But in case of the non-fulfilment of conditions, which the donee is bound to fulfil, if it be proved to have proceeded' from bis fault, he may be condemned to restore the fruits by him received since his neglect to fulfil.” But if the non-fulfilment proceeds from causes beyond his control, he is liable for fruits, only from the date of the “ demand for the revocation.”
These articles, with the exception of the last, are but the application, to the contracts of donation, of the general principles provided for all commutative and synallagmatic contracts, to wit, that there is a resolutory condition implied in all contracts, to the effect that non-per *635 formance of an obligation by one party gives right of resolution to the other. The effect of the resolutory condition is retroactive, and puts the parties in the position of having never contracted. C. 0. 2045. The consequence of which is that the acquirer of property under that condition will, on resolution, owe its fruits from the day of the contract, and the other party the principle and interest of the sums receive^. In the case of resolution of donations, this last principle is modified as we have seen by article 1569, by exempting the donee from restitution of the fruits prior to the demand in resolution, except in cases where it is proved that the non-performance has resulted from his fault. So far, therefore, from the right of the State to resolution being extinguished by the accidental destruction of the building, as claimed by counsel, its only effect would be to exempt the society from restitution of fruits and revenues — and perhaps, to a delay, which in such cases the court may accord, to enable the donee to perform the conditions and thereby avoid the resolution. C. C. 2047.
Under the operation of these elementary principles, aside from the express terms of the act of donation, it is manifest that any mortgages or encumbrances imposed upon the property by the donee, are subordinate to those paramount and underlying rights of the State, which will continue to exist “ against any other person possessing the immovable property given,” just as they exist “against the donee himself.”
We fail to appreciate the relevancy or pertinency of the argument of counsel, touching the doctrine of “ risks,” as between “ debtor ” and “creditor.” The right of resolution doe.s not depend upon the question whether the obligor was or was not in fault. That question is only important as affecting liability for fruits and revenues, and perhaps in fixing the delay to be accorded for performance.
We see no reason to modify our former opinion and decree, and it is ordered that they remain undisturbed.